UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL SURINE, : | CIVIL ACTION NO. 3:22-1656 |
| Petitioner : | |
| : | (JUDGE MANNION) |
| v. : | |
| WARDEN THOMPSON : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Paul Surine, an inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Surine alleges he has been denied earned time credits (FTCs) under the First Step Act (FSA). (Doc. 1). He further challenges the application of a public safety factor to his custody classification. Id. Finally, Petitioner's last two grounds for relief include an allegation that a robbery conviction was used to deny him any sentence reductions and a challenge as to the testimony concerning drug weight at his criminal trial. Id. For relief, Petitioner requests the Court "to fix these problems if its in their power to do so." Id.

A response to the petition was filed on January 3, 2023. (Doc. 7). Although Petitioner was provided an opportunity to file a traverse, none was filed. For the reasons that follow, the Court will dismiss the petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies with

respect to his earned time credits claim and dismiss Petitioner's remaining for claims for lack of jurisdiction.

## I. Background

On August 5, 2009, Petitioner was sentenced in the United States District Court for the Middle District of Pennsylvania to 360 months' imprisonment. See United States v. Paul Surine, Criminal Docket No. 4:07-CR-0304. That sentence was affirmed by the United States Court of Appeals for the Third Circuit on April 13, 2010. United States v. Paul Surine, 375 Fed. Appx. 164 (3rd Cir. 2010) (unpublished).

On December 1, 2015, the District Court reduced Petitioner's sentence to 291 months after granting his Motion for Relief under 18 U.S.C. §3582(c), which motion was based on Amendment 782 to the United States Sentencing Guidelines. See, United States v. Paul Surine, Criminal Docket No. 4:07-CR-0304.

On February 22, 2018, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255. Id. By Memorandum Opinion dated August 24, 2018, Petitioner's motion was denied as untimely. Id.

On May 17, 2019, Petitioner filed a motion for resentencing pursuant to the First Step Act. Id. By Memorandum and order dated December 9, 2019, Petitioner's motion was denied. Id.

On May 4, 2020, Petitioner filed a motion for release to at-home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), or for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Id. By Memorandum Opinion dated June 30, 2020, the motion was dismissed for lack of jurisdiction. Id.

On June 9, 2020, Petitioner filed a motion to reduce sentence in accordance with the United States Supreme Court's ruling in United States v. Davis, 139 S. Ct. 2319 (2019). By Order dated November 20, 2020, the Court dismissed Petitioner's §2255 motion for lack of jurisdiction, for Petitioner's failure to obtain an authorization from the Third Circuit to file a second or successive §2255 motion. Id.

While confined, Petitioner has filed four administrative remedies. (Doc. 7-1 at 9-10). Only one of Petitioner's remedies concerned the application of

FTCs earned time credits.[1] Id. Plaintiff's Administrative Remedy 1143539-F1, regarding his FSA Credit was denied at the institution level on December 7, 2022. Id. Petitioner did not appeal this remedy. Id. He has not filed any other administrative remedies concerning the calculation or application of earned time credits under the FSA. Id.

## II. Discussion

### A. FSA Claim

Respondent argues that Surine's petition regarding earned time credits under the FSA should be dismissed based on his failure to exhaust his administrative remedies prior to seeking review in federal court. The Court agrees.

Despite the absence of a statutory exhaustion requirement attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required

---

[1] Petitioner's remaining remedies concerned medical care, legal mail and compassionate release. Id.

"for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§542.10-542.19 (2005)). The system first requires that an inmate present their complaint to staff before filing a request for Administrative Remedy, which staff shall attempt to informally resolve. 28 C.F.R.

§542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days. 28 C.F.R. §542.14. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. §542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. §542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. §542.15(a).

    The record reveals that Petitioner filed only one administrative remedy concerning his request for earned time credits under the FSA. (Doc. 7-1 at 10, Administrative Remedy Generalized Retrieval). This remedy was denied at the institutional level. Id. No further appeal to the next level of review was filed. (See id.) Petitioner does not refute this. Thus, Petitioner has failed to exhaust his administrative remedies and the petition must be denied. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Petitioner to invoke the judicial process despite failing to complete administrative review.

Accordingly, as Petitioner has not shown that exhaustion would be futile or that requiring exhaustion would subject Petitioner to irreparable injury, the Court will not excuse Petitioner's failure to exhaust. Consequently, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies as it relates to earned time credits under the FSA.

### B. Public Safety Factor Claim

Respondent argues that Petitioner's public safety factor claim is not cognizable by the district court under 28 U.S.C. §2241. (Doc. 7 at 6). The Court agrees. Petitioner's challenge to his custody classification or application of a public safety factor is not cognizable in a §2241 petition because he does not challenge the fact or duration of his imprisonment, which is the "essence of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Petitioner is challenging something other than the fact or length of his confinement. As such, this claim is not within the core or traditional scope of habeas corpus.

In addition, Petitioner is not challenging the execution of his sentence within the exception provided for in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, the Court held that a prisoner could bring a §2241 petition challenging a BOP regulation that limited placement in a Community Corrections Center because the BOP was not

"carrying out" Woodall's sentence as directed. Specifically, Woodall's claims "cross[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. at 243. "[T]o challenge the execution of his sentence under §2241, [an inmate] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). Here, Petitioner does not allege that his custody classification or application of a public safety factor conflict with his sentence.

It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id.; see Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Landor v. Wilson, No. 1:12-CV-1329, 2012 WL 5398610, at *3 (M.D. Pa. Oct. 10, 2012), report and recommendation adopted, No. 1:12-CV-1329, 2012 WL 5389747 (M.D. Pa. Nov. 5, 2012).

As such, the Court is without jurisdiction to hear his claims concerning his public safety factor as his custody classification or application of a public safety factor is not cognizable in a habeas corpus action.

### C. **Challenges to Petitioner's conviction and sentence**

Petitioner's last two grounds include an allegation that a robbery conviction was used to deny him any sentence reductions and a challenge as to the testimony concerning drug weight at his criminal trial. (Doc. 1).

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e).

While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a §2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a §2241 petition unless "unusual circumstances make it [essentially] impossible ... to seek relief in the sentencing court" such as where the sentencing court no longer exists. See Jones v. Hendrix, 599 U.S. 465 (2023). As a result, so long as it is not essentially impossible to pursue a

§2255 motion at all, federal law permits "only two [ ] conditions in which" a petitioner who has previously had a §2255 motion denied to file another collateral attack on his conviction or sentence – those laid out in §2255(h) for the authorization of a second or successive motion by the applicable court of appeals, Id. at *7. A petitioner who has already filed a §2255 motion and been denied relief through such a motion who cannot meet these gatekeeping requirements may not resort to a habeas petition brought pursuant to 28 U.S.C. §2241 to challenge his conviction or sentence. Id.

Because Petitioner meets neither of the gatekeeping requirements for the authorization of a second or successive §2255 motion, he may not resort to his current habeas petition to raise his claims. Id. Therefore, this Court must dismiss Petitioner's habeas petition for lack of jurisdiction. To the extent Petitioner wishes to continue to challenge his sentence, he may do so only through seeking and being granted leave to file a second or successive motion to vacate sentence by the Court of Appeals for the Third Circuit. Id.

### III. Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is dismissed without prejudice for lack

of jurisdiction for Petitioner's failure to exhaust administrative remedies and for raising claims not cognizable under §2241.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  April 22, 2024**
22-1656-01